IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,

    Plaintiffs,

vs.

DOES 1-7,

    Defendants.

CASE NO. 3:08-CV-18(CDL)

O R D E R

Plaintiffs in the above-captioned action are record companies owning copyrights and/or licenses in various sound recordings in the United States. They filed this lawsuit against seven (7) unnamed defendants ("the Doe Defendants") seeking damages and injunctive relief under the copyright laws of the United States, 17 U.S.C. § 101

1

*et seq*. Plaintiffs allege that each unnamed defendant unlawfully reproduced and/or distributed protected sound recordings via an online media distribution system known as a "peer-to-peer" file sharing network. Presently before the Court is Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery (Doc. 2).

Plaintiffs contend that, due to the nature of the challenged activity, they are unable to specifically identify the Doe Defendants and are thus barred from proceeding with this lawsuit. Plaintiffs can, however, identify the unique Internet Protocol ("IP") addresses associated with the unlawful activity alleged to have occurred on specific dates at specific times. Plaintiffs have also identified the University of Georgia as the third-party Internet Service Provider ("ISP") linked to these IP addresses. Plaintiffs therefore request that the Court permit them to serve a Rule 45 subpoena on the University of Georgia requiring it to provide each Defendant's true name, current and permanent address and telephone number, e-mail address, and Media Access Control ("MAC") address. Additionally, if the University of Georgia is unable to link a particular IP address to a specific Defendant, Plaintiffs request that the University provide all documents and electronically-stored information relating to the assignment of that IP address at the specific date and time the unlawful activity is alleged to have occurred.

A court may allow expedited discovery upon a showing of good cause. *See Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at * 1 (M.D. Fla. July 1, 1999) ("The moving

party[] . . . must show good cause for departing from the usual discovery procedures."); *see also generally Warner Bros. Records Inc. v. Does 1-20*, No. 07-cv-01131-LTB-MJW, 2007 WL 1655365, at *1 (D. Colo. June 5, 2007) ("A court order allowing expedited discovery will issue only upon a showing of good cause.") (citing *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002)). In this case, Plaintiffs have no other way to obtain the most basic information about the alleged infringers, and they have made a *prima facie* showing of copyright infringement by demonstrating ownership of valid copyrights and copying of the original works without permission. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Moreover, time is of the essence due to the fact that ISPs typically do not retain user activity logs for extended periods. If the information identifying the Doe Defendants is not disclosed, Plaintiffs will lose the ability to pursue their claims. (*See* Linares Decl. ¶¶ 22-24, Feb. 7, 2008.) Accordingly, the Court finds that Plaintiffs have shown good cause for expedited discovery and hereby grants their Motion for Leave to Take Immediate Discovery (Doc. 2).[1]

---

[1]Plaintiffs also request that the Court make clear that the University of Georgia is authorized to respond to the subpoena pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. The Court finds it unnecessary for purposes of this Order to address whether FERPA affects the University of Georgia's ability to disclose the information sought by Plaintiffs, particularly since the issue has not been briefed.

IT IS SO ORDERED, this 25th day of February, 2008.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE